UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED-ED4
03 APR -9 PM 3: 38
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| GRANT THORNTON LLP, | ) | JUDGE HOLDERMAN |
| Plaintiff, | ) | |
| v. | ) | Case No. 03C 2438 |
| KENNETH B. MACQUEEN, MACQUEEN CAPITAL MANAGEMENT CORP. and THE DIVIDEND REINVESTMENT FUND, L.L.C., | ) | MAGISTRATE SIDNEY I. SCHENKIER |
| Defendants. | ) | |

DOCKETED
APR 1 0 2003

## COMPLAINT

Plaintiff, Grant Thornton LLP ("Grant Thornton"), for its Complaint against Kenneth B. MacQueen ("MacQueen"), MacQueen Capital Management Corp. ("MCM") and The Dividend Reinvestment Fund, L.L.C. (the "Fund"), alleges as follows:

### NATURE OF ACTION

1. Plaintiff brings this action because Defendants have unlawfully misappropriated Grant Thornton's property, counterfeited and infringed Grant Thornton's registered service marks and falsely associated themselves with Grant Thornton.

2. As fully set forth below, defendants were engaged in transactions, acts, practices and courses of business in violation of the Securities laws which involved running a Ponzi scheme to bilk investors.

3. In furtherance of the illegal Ponzi scheme, Defendants, in order to unjustly enrich themselves, recreated and counterfeited Grant Thornton's name and logo which are registered service marks and used Grant Thornton's name, logo, and letterhead to publish a bogus audit report

1

purporting to represent a favorable audit of an investment fund sponsored by defendants. In fact, Grant Thornton never audited the Fund, and the Fund had virtually no assets. A copy of the false audit report is attached hereto as Exhibit 1.

**PARTIES**

4. Plaintiff, Grant Thornton, is a limited liability partnership formed in the state of Illinois. Grant Thornton is a national public accounting firm which maintains a principal office in Chicago, Illinois.

5. MacQueen is a resident of Orland Park, Illinois. He holds himself out as a principal of MCM, the Fund's investment advisor. According to MacQueen, he has been an exchange specialist and market maker on the Chicago Stock Exchange and Chicago Board Options Exchange, as well as an arbitrage portfolio manager at two securities arbitrage firms. MacQueen started MCM and the Fund in 1993.

6. MCM is an Illinois corporation. MCM holds itself out as a non-registered investment advisor with advisory authority over the Fund, as well as one other private investment fund.

7. The Fund holds itself out as an Illinois limited liability company ("L.L.C."), but the State of Illinois involuntarily dissolved the L.L.C. in September of 1997. According to the Fund's prospectus, it is a private investment fund that engages solely in dividend reinvestment arbitrage.

**JURISDICTION AND VENUE**

8. This action arises under the Lanham Act, 15 U. S. C. § 1051, et seq. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

9. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400.

## FACTUAL BACKGROUND

10. In February, 2003, the Securities and Exchange Commission filed a civil action against MacQueen, MCM, and the Fund in the United States District Court for the Northern District of Illinois, No. 03 C 1423. That complaint alleged violations of various securities laws and sought injunctive and monetary relief against defendants. The SEC complaint alleged, *inter alia*, the following:

(a) MacQueen began privately soliciting investments in the Fund from friends in 1993. He told prospective investors that the Fund was a private investment fund that engaged in dividend reinvestment arbitrage. The Fund was to generate a profit for investors by purchasing shares of public companies at a discount via dividend reinvestment plans, while simultaneously selling shares in the same companies short to lock in a profit on the discount. MacQueen represented that this was a low risk strategy that, nonetheless, generated annual returns of approximately 25%.

(b) MacQueen showed prospective investors copies of previously issued quarterly statements falsely reflecting annualized profits of 22% to 30%.

(c) MacQueen and MCM typically provided a written prospectus to potential investors. One such prospectus, issued in June, 2001, stated that "since its inception in 1993, the Fund has generated average returns of 28.29% on an annualized basis."

(d) MacQueen held himself out as a principal of MCM, the Fund's investment advisor. He told prospective investors that MCM's "performance fee" was one-third of the Fund's profits, net of expenses. In short, MCM and MacQueen would not receive any compensation unless the Fund earned a profit for its investors.

(e) MacQueen asked investors to send their money for investment in the Fund to MCM's bank, the Lakeside Bank ("Lakeside").

(f) Since 1993 MacQueen has raised millions of dollars from over 100 investors.

(g) Defendants misrepresented to investors how their money would be used. Contrary to the representations to investors that their money would be invested in a dividend arbitrage endeavor, MacQueen has been misappropriating investor funds for his own personal use.

(h) Since March, 2002, MacQueen has withdrawn $225,000 from MCM's brokerage account and $378,000 from MCM's bank account at Lakeside. These withdrawals far exceed any possible "performance fee" because the Fund has only generated capital gains of $46,697.80 since that date.

(i) MacQueen used a portion of the money he withdrew to purchase a vacation home in South Haven, Michigan. MacQueen used $92,000 from the MCM brokerage account and $286,264.10 from MCM's Lakeside account to purchase the home. After that purchase, virtually no assets remained in either account.

(j) MacQueen also misrepresented the value of investor interests in the Fund. MacQueen repeatedly sent false quarterly account statements to Fund investors reflecting annualized returns of approximately 25%. MacQueen prepared the statements to conceal his misappropriation and to create the illusion that the Fund was profitable.

11. In April, 2002, defendants, in furtherance of their scheme to defraud investors in the Fund, counterfeited a document bearing the registered service marks, including the name, logo and letterhead of plaintiff, Grant Thornton. That document was entitled "Independent Auditors' Report" and purported to constitute an affirmation by Grant Thornton that it had audited the financial

condition of the Fund as of December 31, 2001. The counterfeit audit statement concluded "[i]n our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of Dividend Reinvestment Fund, L.L.C. as of December 31, 2001, in conformity with accounting principles generally accepted in the Untied States of America." The counterfeit audit statement showed assets in the Fund of $12,717,793. According to the SEC, the actual assets in the Fund were *de minimus*.

12. In fact, Grant Thornton had never audited the Fund nor was Grant Thornton even aware of the Fund's existence.

**VIOLATION OF THE LANHAM ACT**

13. Plaintiff repeats and realleges Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. On May 4, 1999, Grant Thornton duly registered with the United States Patent and Trademark Office the name Grant Thornton as a service mark. That name is registered as No. 2,242,716. On May 18 1999, Grant Thornton duly registered with the United States Patent and Trademark Office its logo as a service mark. That logo is registered as No. 2,245,852.

15. Since May 18, 1999, Grant Thornton has been and still is the sole proprietor of all rights, title, and interest in and to the foregoing service marks.

16. Grant Thornton has notified defendants that defendants have infringed the service marks of plaintiff, and defendants have continued to infringe the service marks.

17. Defendants' misappropriation and counterfeit use of Grant Thornton's service marks was intended to, has, and is likely to continue to cause confusion as to the source of the audit report issued with respect to the Fund, and has and may lead investors in the Fund and others to falsely

believe that Grant Thornton has audited the Fund and has vouched for the financial condition and assets of the Fund.

18. Plaintiff has been and will continue to be injured by Defendants' counterfeiting and appropriation of plaintiff's service marks.

WHEREFORE, plaintiff, Grant Thornton demands:

(1) That defendants be preliminarily and permanently enjoined from infringing plaintiff's service marks;

(2) That defendants be required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendants' infringement of plaintiff's service marks;

(3) That defendants be required to deliver up to be impounded all copies of the counterfeit audit report in their possession or control;

(4) That defendants pay to plaintiff the costs of this action and reasonable attorney's fees;

(5) That plaintiff have such other and further relief as is just.

Richard P. Campbell,
Attorney for Plaintiff

Richard P. Campbell # 0378089
James T. Malysiak #1746081
Kristi L. Nelson #6229943
FREEMAN, FREEMAN & SALZMAN, P.C.
401 North Michigan Avenue, Suite 3200
Chicago, Illinois 60611-4207
(312) 222-5100

Dated: April 9, 2003

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the allegations set forth in this Complaint are true and correct except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

F. Mikael Mleko, Partner

Subscribed and Sworn to Before Me
this 9th day of April, 2003

Barbara Wontor
Notary Public

OFFICIAL SEAL
BARBARA WONTOR
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES: 12/12/03

**Exhibit 1**

# Grant Thornton

FINANCIAL SERVICES GROUP
800 ONE PRUDENTIAL PLAZA
130 EAST RANDOLPH STREET
CHICAGO, IL 60601

**INDEPENDENT AUDITORS' REPORT**

To the Manager-Member and Members of
Dividend Reinvestment Fund, L.L.C.

We have audited the accompanying statement of financial condition of Dividend Reinvestment Fund, L.L.C. including the condensed schedule of investments, as of December 31, 2001. These financial statements are the responsibility of the Member- Manager of the Dividend Reinvestment Fund, L.L.C.. Our responsibility is to express an opinion on these financial statements based on our audit.

We conducted our audit in accordance with auditing standards generally accepted in the United States of America. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by the General Partner, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of Dividend Reinvestment Fund, L.L.C. as of December 31, 2001, in conformity with accounting principles generally accepted in the United States of America.

GRANT THORNTON, L.L.P.

Chicago, Illinois
April 25, 2002

**DIVIDEND REINVESTMENT FUND, L.L.C.**
**STATEMENT OF FINANCIAL CONDITION**
**DECEMBER 31, 2001**

ASSETS

| | |
|---|---|
| Cash | $ 9,734 |
| Exchange-traded securities, at market (cost $10,073,824) | 10,866,447 |
| Due from brokers | 1,720,924 |
| Other assets | 26,517 |
| Net unrealized gain on futures contracts | 94,171 |
| | $12,717,793 |

LIABILITIES AND MEMBERS' CAPITAL

| | |
|---|---|
| Liabilities | |
| Accrued expenses | $ 12,500 |
| Management fee | 12,945 |
| Due to related party | 143,727 |
| Total liabilities | 169,172 |
| Members' capital | |
| Member Manager | 310,709 |
| Members | 12,237,912 |
| Total Members' capital | 12,548,621 |
| | $12,717,793 |

See accompanying notes to financial statements.

DIVIDEND REINVESTMENT FUND, L.L.C.
NOTES TO FINANCIAL STATEMENTS

1. NATURE OF OPERATIONS AND SUMMARY OF SIGNIFICANT ACCOUNTING POLICIES

NATURE OF OPERATIONS

Dividend Reinvestment Fund, L.L.C. ("The Fund") was organized for the purpose of investing in discounted stock purchase plans of U.S. and North American equities. The Fund commenced operations on March 10, 1994.

VALUATION OF INVESTMENTS IN FUTURES AND FORWARD CONTRACTS

In accordance with Statement of Financial Accounting Standards No. 133, "Accounting for Derivatives and Hedging Activities," the Partnership records its open contracts at the closing market quotations on the last business day of the year.

VALUATION OF INVESTMENTS IN SECURITIES AND SECURITIES SOLD SHORT

The Fund values investments in securities and securities sold short that are listed on a national securities exchange or reported on the NASDAQ national market at their last sales price as of the last business day of the year. Other securities traded in the over the counter markets and listed for which no sale was reported on that date are valued at their last reported "bid" price if held long, and last reported "asked" price if sold short. Short-term notes are stated at amortized cost, which approximates fair value.

TRANSLATION OF FOREIGN CURRENCY

Assets and liabilities denominated in foreign currencies are translated into U.S. dollar amounts at the year end exchange rates. Purchases and sales of investments, and income and expenses, that are denominated in foreign currencies, are translated into U.S. dollar amounts on the transaction date. Adjustments arising from foreign currency transactions are reflected in the statement of operations.

INVESTMENT TRANSACTIONS

Investment transactions are accounted for on a trade-date basis.

USE OF ESTIMATES

The preparation of financial statements in conformity with accounting principles generally accepted in the United States of America requires the Member-Manager to make estimates and assumptions that affect the amounts disclosed in the financial statements. Actual results could differ from those estimates.

2. DUE TO/FROM BROKER

Amounts due from broker may be restricted to the extent that they serve as deposits for securities sold short. Amounts due to broker that represent margin borrowings are collateralized by certain marketable securities.

3. RELATED PARTY TRANSACTIONS

Investments and proceeds due the Member-Managers are segregated as related party transactions.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
APR 1 0 2003

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s): GRANT THORNTON LLP**

County of Residence: Cook

Plaintiff's Atty: Richard P. Campbell
Freeman, Freeman & Salzman, P.C.
401 North Michigan Avenue, Suite 3200
Chicago, IL 60611

**Defendant(s):KENNETH B. MacQUEEN, MacQUEEN CAPITAL MANAGEMENT CORP. and THE DIVIDEND REINVESTMENT FUND, L.L.C.**

County of Residence: Will

Defendant's Atty:

**03C 2438**

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

III. Citizenship of Principal Parties
**(Diversity Cases Only)**

Plaintiff:- **N/A**
Defendant:- **N/A**

JUDGE HOLDERMAN

MAGISTRATE SIDNEY I. SCHENKIER

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **840 Trademark**

VI.Cause of Action: **15 U.S.C. Sec. 1051, et se. Trademark infringement**

VII. Requested in Complaint
Class Action:
Dollar Demand:
Jury Demand:

FILED-ED4
03 APR -9 PM 3:39
U.S. DISTRICT COURT

VIII. This case **IS NOT** a refiling of a previously dismissed case.

**Signature:** Richard P. Campbell

**Date:** April 10, 2003

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** **Revised: 06/28/00**

12

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

DOCKETED
APR 1 0 2003

JUDGE HOLDERMAN

In the Matter of

GRANT THORNTON LLP
v.
KENNETH B. MACQUEEN, et al.

Case Number: 03C 2438

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

Plaintiff GRANT THORNTON LLP

MAGISTRATE SIDNEY I. SCHENKIER

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE [signature] | |
| NAME Richard P. Campbell | | NAME James T. Malysiak | |
| FIRM Freeman, Freeman & Salzman, P.C. | | FIRM Same | |
| STREET ADDRESS 401 North Michigan Avenue #3200 | | STREET ADDRESS | |
| CITY/STATE/ZIP Chicago, IL 60611 | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER 312-222-5100 | FAX NUMBER 312-822-0870 | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS rcampbell@ffspc.com | | E-MAIL ADDRESS jmalysiak@ffspc.com | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0378089 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 1746081 | |
| MEMBER OF TRIAL BAR? | YES ☒ NO ☐ | MEMBER OF TRIAL BAR? | YES ☒ NO ☐ |
| TRIAL ATTORNEY? | YES ☒ NO ☐ | TRIAL ATTORNEY? | YES ☒ NO ☐ |
| | | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☒ |

| (C) | | (D) | |
|---|---|---|---|
| SIGNATURE [signature] | | SIGNATURE | |
| NAME Kristi L. Nelson | | NAME | |
| FIRM Same | | FIRM | |
| STREET ADDRESS | | STREET ADDRESS | |
| CITY/STATE/ZIP | | CITY/STATE/ZIP | |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS knelson@ffspc.com | | E-MAIL ADDRESS | |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6229943 | | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | |
| MEMBER OF TRIAL BAR? | YES ☒ NO ☐ | MEMBER OF TRIAL BAR? | YES ☐ NO ☐ |
| TRIAL ATTORNEY? | YES ☒ NO ☐ | TRIAL ATTORNEY? | YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☒ | DESIGNATED AS LOCAL COUNSEL? | YES ☐ NO ☐ |

FILED-ED-4
03 APR -9 PM 3:39
U.S. DISTRICT COURT

13